IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN DOE #1,
    *Plaintiff,*

v.

DAVID B. RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation,

and

JOHN DOES #2-5,
    *Defendants.*

Civil Action No. _____
District Judge _____
Magistrate Judge _____

## COMPLAINT

COMES NOW, the Plaintiff, John Doe #1, pursuant to 42 U.S.C. §§ 1983 and 1988, and for his Complaint against David B. Rausch would show[1]:

## **PARTIES**

1. The Plaintiff JOHN DOE #1 is a citizen and resident of the State of Tennessee, residing in the Middle District of Tennessee.

2. The Defendant DAVID B. RAUSCH is the Director of the Tennessee Bureau of Investigation ("TBI"), which is headquartered within the Middle District of Tennessee. Director Rausch is being served with a copy of this Complaint via service upon a duly authorized officer or agent for service of process.

---

[1] This Complaint draws heavily from the Amended Complaint filed in the matter of *Santini v. Rausch*, No 3:20-cv-00661.

Page **1** of **11**

3. Defendants JOHN DOES #2-5 are unknown agents, employees, or officials of the Tennessee Bureau of Investigation who personally participated in or were responsible for denying Plaintiff's requests for removal from the Tennessee Sex Offender Registry (SOR), including but not limited to the preparation, review, approval, or transmittal of the January 29, 2025, denial letter. Once their identities are ascertained through discovery, the Plaintiff will amend this Complaint to substitute their true names and capacities.

4. The Defendants performed all of the acts and omissions described herein under color of state law and with the authority of the TBI.

## JURISDICTION AND VENUE

5. This civil action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, for violation of federally protected rights guaranteed to the Plaintiff by the Fourteenth Amendment to the United States Constitution.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1343 as this action is being filed to redress the deprivation of these rights under color of state law. This Court also has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57 and 65.

7. Venue is proper in this court as substantial acts or omissions giving rise to this claim occurred within the Middle District.

## FACTUAL ALLEGATIONS

8. On July 12, 2019, Plaintiff entered a plea in the Marshall County Circuit Court pursuant to T.C.A. § 40-35-313 to two counts of sexual battery (T.C.A. § 39-13-505) after two original charges of rape of a child (T.C.A. § 39-13-522) were amended to sexual battery. (See

Exhibit 1 – Judgment, with names redacted, incorporated herein by reference as if fully copied in words and figures).

9. Pursuant to T.C.A. § 40-35-313 (2019), Plaintiff was a "qualified defendant" for judicial diversion since his crime was not considered a "sexual offense" for the purposes of the statute. *See* T.C.A. § 40-35-313 (a)(1)(B)(ii) (2019) (defining "sexual offense" as conduct comprising violations of twelve statutes, but not conduct in violation of T.C.A. § 39-13-505, *i.e.*, the statute to which Plaintiff pleaded guilty.) Thus, Plaintiff was eligible for judicial diversion.

10. Plaintiff was placed on supervised probation for five years as part of the judicial diversion. A relevant excerpt of the plea agreement copied below (as directly articulated by the Court and not objected to by the District Attorney General) demonstrates that Plaintiff was promised that if he completed the terms and conditions of his diversion, he would be given "the opportunity to expunge this from [his] record." Naturally, if this were expunged from his record, that would necessarily include removing his name from the SOR since the SOR is an official record of his offense:

> THE COURT: All right. It has been represented to me that you've agreed to the following disposition of your case: You're pleading guilty to the amended Count 1 charge of sexual battery being a Class E felony; accepting a two-year sentence as a Range 1 offender; the **plea is pursuant to 40-35-313; and to be on probation for five years; and will register with the sex offender registry as a non-violent offender**; and there'll be absolutely no contact with the victim; and you'll pay all court costs. You've also agreed to plead guilty to the amended count of -- Count 2 amended to sexual battery, being a Class E felony; taking a two-year sentence as a Range 1 offender. **It's also a plea pursuant to 40-35-313, and you're to be on probation for five years. All terms and conditions are the same as Count 1 as it relates to the -- you're to register as a sex offender, as a non-violent offender** and no contact with the victim. Counts 1 and 2 are to run

concurrent with one another -- meaning alongside of one another; not in addition to, but alongside of. Is this your understanding of the agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Do we need to further define any term or anything whatsoever in what I've just read to you?

THE DEFENDANT: No, sir.

THE COURT: Okay. You need to also understand, because the term or length of your diversion since it's under 40-35-313, should you successfully -- **should you successfully complete your diversionary program, that you will have the opportunity to expunge this from your record.** But you also need to understand that if you -- **if there is an alleged violation of your probation, then -- and if the Court finds that you have violated one or more of the terms of your probationary period, then you could lose your ability to expunge this,** and you would also be subject to being sentenced to any eligible sentence that the -- under the range of punishment available to this Court under what you're pleading to. Do you understand that?

THE DEFENDANT: Yes, sir.

(See Exhibit 2 – Partial Transcript of Plea Hearing, with Defendant's name redacted, incorporated herein by reference as if fully copied in words and figures.)

11. On September 6, 2024, the Marshall County Circuit Court signed an Order of Dismissal pursuant to T.C.A. § 40-35-313, confirming that Plaintiff had successfully completed probation without reoffending and paid all fines and costs. (See Exhibit 3 - Order of Dismissal, incorporated herein by reference as if fully copied in words and figures) Pursuant to T.C.A. § 40-35-313 (a)(2),

> Discharge and dismissal under this subsection (a) is without court adjudication of guilt … . The discharge and dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose, except as provided in subsections (b) and (c).

*See also Rodriguez v. State*, No. M2011-01485-SC-R11-PC (Tenn., April 4, 2014) ("Judicial diversion stands in stark contrast to traditional criminal proceedings and by its plain language permits a qualified defendant a second chance without the stigma of a conviction."). Plaintiff asserts that being on the SOR is a disability imposed by law that is not contemplated by T.C.A. § 40-35-313 (b) or (c).

12. Even though T.C.A. § 40-39-207(c)(1) (2019) expressly states,

> The TBI shall remove an offender's name from the SOR and notify the offender that the offender is no longer required to comply with this part if it is determined that: (1) The offender has successfully completed a term of judicial diversion, pursuant to § 40-35-313, for an offense under § 39-13-505 ...

the TBI mailed a letter on January 29, 2025, denying Plaintiff's request for removal from the registry. The TBI cited lifetime registration requirements (*see* T.C.A. § 40-39-207(g)(2)(C)) and stated that it has no discretion in applying these provisions. (See Exhibit 4 - Letter from TBI, with identifying information redacted, incorporated herein by reference as if fully copied in words and figures).

13. Because Plaintiff was granted diversion pursuant to T.C.A. § 40-35-313 (2019), Plaintiff is entitled to removal from the SOR and relief from compliance with its obligations pursuant to T.C.A. § 40-39-207(c)(1). Despite this, Plaintiff continues to suffer significant and ongoing burdens as a direct result of remaining on the SOR, such as:

   a. Plaintiff's face continues to be posted on the SOR, listing him as a sex offender whose offenses are sexual battery.

   b. Plaintiff must pay an annual fee of $150.

c. Within seven days of his birthday, Plaintiff must report in person to the Sheriff's Department and recount his internet usage, which takes approximately twenty minutes.

d. Plaintiff is subject to home visits around Halloween during which officers confirm that no children are present, that no lights are on during Halloween, and that Plaintiff must be home between 6:00 p.m. and 6:00 a.m.

e. Plaintiff faces additional restrictions involving locations associated with victims and employment.

f. In connection with sex offender treatment requirements tied to the registry, Plaintiff has been required to attend group therapy classes continuously for five years, including the creation of a relapse prevention plan. These classes total hundreds in number, each lasting thirty-five to forty-five minutes, and Plaintiff must drive to Murfreesboro or Nashville for each session.

g. Plaintiff must submit to polygraph testing once per year.

h. Registry restrictions prohibit Plaintiff from having any contact with his ten-year-old brother.

i. Plaintiff attempted to date but could not continue the relationship because the individual had a child.

j. Plaintiff still lives with his father and cannot attend church because it is considered too risky.

k. Plaintiff was charged with a Violation of the SOR, which was subsequently dismissed on July 15, 2025. This charge occurred approximately six months after Plaintiff asked TBI to remove him from the SOR. As a result of this arrest,

he incurred attorneys fees, bail bondsman fees, and emotional distress, for which damages should lie.

14. Plaintiff's harm is ongoing and cannot be alleviated except by injunctive relief. No other remedy is available at law.

15. In consideration of the facts set forth supra, the Defendants' refusals to remove Plaintiff from the SOR violate his federally protected constitutional rights for the following reasons:

**CAUSES OF ACTION**

*COUNT I:*
*VIOLATION OF THE RIGHT TO DUE PROCESS*
*(FAILURE TO REMOVE PLAINTIFF FROM THE REGISTRY DESPITE MANDATORY OBLIGATIONS UNDER STATE LAW)*

16. In addition to the allegations in all other paragraphs of this Complaint, the Defendant is required to remove Plaintiff's name from the SOR and notify him that he is no longer required to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (T.C.A. §§ 40-39-201) ("SORA") based on compliance with T.C.A. § 40-39-207(c)(1). This provision is unaffected by the issue of whether or not Plaintiff's records are subject to expungement pursuant to T.C.A. § 40-32-101(a)(1), as Plaintiff entered a term of judicial diversion pursuant to T.C.A. § 40-35-313 for an offense under T.C.A. § 40-13-505. Therefore, T.C.A. § 40-39-207(c)'s directive that the TBI "shall" remove Plaintiff from the registry constitutes a state-created liberty interest. *See Santini v. Rausch*, 2022 WL 1445217 (M.D. Tenn. May 6, 2022) (describing how judicial diversion requires removal from the SOR).

17. Plaintiff has a constitutionally derived liberty interest in removal from the registry, as he is wrongfully subjected to its requirements. The Defendant's failure to comply with the statutory mandate to remove Plaintiff from the SOR constitutes a denial of Plaintiff's right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution.

*COUNT II:*
*VIOLATION OF THE RIGHT TO DUE PROCESS*
*(BREACHED PLEA AGREEMENT)*

18. Plaintiff's plea agreement created quasi-contractual rights, as well as procedural and substantive due process rights pursuant to the Fourteenth Amendment to the United States Constitution. In support of this argument, and in addition to the allegations in all other paragraphs of this Complaint, Plaintiff would show:

   a. Plaintiff's plea agreement—validly entered under T.C.A. § 40-35-313 as it was written on July 12, 2019—was for a deferred prosecution under the judicial diversion statute.

   b. A condition of this agreement, as expressed to him prior to the diversion hearing by the Court, was that Plaintiff would have the opportunity to have his records expunged if he fulfilled his end of the bargain.

   c. He was also told that he would register on the SOR as a non-violent offender.

   d. This non-violent form of registration (which differs substantially from the "violent" registration he would have incurred had he been convicted on the original charge) when read in conjunction with the hope of future expungement, gives rise to the inference that the SOR registration would not be for his entire lifetime. After all, if his records are expunged, so would his identity on the SOR.

e. Thus, it was understood that he would only be required to comply with the SORA for the period of diversion (so long as he successfully completed the term of diversion).

f. Plaintiff successfully completed the term of diversion.

g. Plaintiff is thus entitled to the benefits of T.C.A. § 40-39-207(c), and the Defendant's failure to relieve Plaintiff of these obligations violates Plaintiff's right to due process. *See Santini*, *supra*, (holding that a promise during a judicial diversion plea that the defendant would be removed from the registry upon successful completion creates enforceable due process rights under the Fourteenth Amendment; breach of that promise violates due process, and specific performance in the form of removal from the registry is an appropriate remedy).

WHEREFORE, PREMISES CONSIDERED, the Petitioner requests:

(1) A declaratory judgment that the Defendant's continued requirement of compliance with SORA constitutes a material breach of the plea agreement entered on July 12, 2019, and that this breach violates Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution.

(2) A declaratory judgment that the Defendant's failure to relieve Plaintiff of the requirements imposed by SORA violates precepts of fairness, liberty, and justice fundamental in the context of the criminal processes maintained by the American States, and thus violate Plaintiff's right to Substantive Due Process guaranteed by the Fourteenth Amendment to the United States Constitution.

(3) A declaratory judgment that the Defendant's failure to relieve Plaintiff of the requirements imposed by SORA violates Plaintiff's right to procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution.

(4) A declaratory judgment that the Defendants lack qualified immunity given that they were on actual notice of this Court's ruling in *Santini v. Rausch*, 2022 WL 1445217 (M.D. Tenn., May 6, 2022).

(5) A permanent injunction compelling the Defendant to relieve Plaintiff of any further obligations imposed by SORA and to immediately remove Plaintiff from the SOR based upon the offenses for which he successfully completed judicial diversion pursuant to T.C.A. § 40-35-313 entered on July 12, 2019.

(6) Compensatory damages, including damages for emotional distress, reputational harm, and other injuries caused by the Defendants' violations of Plaintiff's constitutional rights, in an amount to be determined at trial.

(7) Nominal damages for the violation of Plaintiff's constitutional rights.

(8) Reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988.

(9) For such other general relief, whether legal or equitable, the court deems just and appropriate under the facts and circumstances of this case.

RESPECTFULLY SUBMITTED, on this the 28th day of January 2026,

JOHN DOE #1

/s/David J. McKenzie
BY: _____
David J. Mckenzie  #025563
The Law Office of David McKenzie
205 West Commerce Street
Lewisburg, TN 37091
Phone:  (931) 359-7305
Fax:  (931) 359-7307
Email: david@davidmckenzielaw.com

/s/ Matthew D. Wilson
BY: _____
Matthew Wilson (TN BPR 028175)
The Law Office of Matthew Wilson
2204 W. Main St. Tupelo, MS 38801
Phone:  (662) 260-6544
Fax:     (662) 546-4893
Email: lawyermatt@betteraskmatt.com